**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**Baltimore Division**

```
-----------------------------------------------------------------X
```

| | | |
|---|---|---|
| **In re:** | : | **Chapter 13** |
| | : | |
| Byron Nicholas Dixon | : | **Case No.** 25−11964 MMH |
| | : | |
| **Debtor.** | : | |
| | : | |

```
-----------------------------------------------------------:
```

**MOTION TO VACATE ORDER GRANTING RELIEF FROM CO-DEBTOR STAY AND OBJECTION TO NOTICE OF DEFAULT**

PLEASE TAKE NOTICE that the Debtor is moving to vacate the Order granting relief from the Co-Debtor Stay to Land Home Financial Services, Inc.  Any interested party objecting to the Motion must file a written objection with the Clerk of the United States Bankruptcy Court for the District of Maryland within fourteen (14) days from the date of this notice, setting forth in detail the basis of said objection with a copy being sent to the undersigned. If an objection is filed, the Court may schedule a hearing on the objection. The Court may also rule upon the motion without a hearing based upon the pleadings filed. If no objections are filed, the Court may grant the requested relief without further notification. Anyone desiring any further information may communicate with the undersigned.

NOW COMES Tianna Sherrod-Dixon, spouse and co-Debtor of the Debtor, and moves for an order vacating the Order granting relief from the Co-Debtor stay to Land Home Financial Services Inc.[1] ("Land Home") and objects to the Notice of Default filed by Land Home.

FACTS

As set forth in her Declaration, filed herewith, Movant is the estranged spouse of the Debtor, Byron Nicholas Dixon.   She separated from Mr. Dixon on March 24, 2024, and has not

---

[1] It is not clear that relief was granted as to the Co-Debtor stay, as only the Debtor is referenced in the Order [Doc. 31], but it does include reference to 11 U.S.C, § 1301.  As such, Movant is filing this motion as a precautionary matter.

lived with him, at 3731 Sylvan Drive, Gwynn Oak, MD 21207 (his address, and the subject property), or elsewhere, since that date.   Divorce cases were filed in Baltimore County Circuit Court on May 6, 2025, and March 23, 2026.

Movant presently resides at 3448 Carriage Hill Circle, Apt. 103, Randallstown, MD 21133.   On the date the Motion for Relief (Doc. #17) was filed and purportedly served by mail, September 15, 2025, she resided at that address, not at the Sylvan Drive address to which it was sent.

As such, she was not served with the Motion for Relief from Stay.   It appears from the docket that it was mailed to her name at the Sylvan Drive address, but it was not forwarded to her and she never received it.   She was unaware of the motion and the consent order (Doc. #31) until she received the Notice of Default from her divorce lawyer shortly after it was filed on April 23, 2026.  That Notice was also mailed only to the Sylvan Drive address.

There is significant equity in the property, of which Movant is a co-owner and as to which she is liable *in rem* but not *in personam* on the mortgage loan.    The property is worth about $360,000 per Zillow, with which Movant agrees, while the loan balance, per the Motion for Relief, is $251,480.44.    If the property is foreclosed upon, she will likely lose her expected 50% share of that over $100,000 in equity (and the estate will lose its share of the Debtor's non-exempt equity).

Movant wishes to have the order granting relief vacated and the co-Debtor stay re-imposed to allow her to seek to sell the property.  The Debtor her orally agreed to sell.   Movant (and Debtor, presumably) will seek bankruptcy court approval of any sale.

ARGUMENT

Section 1301(a) of the Bankruptcy Code provides for a co-Debtor stay:

(a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless—

(1)
such individual became liable on or secured such debt in the ordinary course of such individual's business; or

(2)
the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title.

There is no question that this home mortgage loan is a consumer debt, for the Debtor's personal, family or household purposes. The Movant is an individual, and she secured the debt with her interest in the Sylvan Drive property. She is not in the business of doing that, and the case has not been closed, dismissed or converted. Subsection (b) does not apply. Accordingly, the stay is in effect unless and until relief is granted under (c):

(c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(1)
as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;

(2)
the plan filed by the debtor proposes not to pay such claim; or

(3)
such creditor's interest would be irreparably harmed by continuation of such stay.

Here, Movant did not, as between Debtor and herself, receive the benefit of the loan, and the plan does propose to pay the claim. Accordingly, the only basis for relief is irreparable harm. *In re Burton*, 4 BR 608 (Bankr. W.D. Va. 1980)  Land Home did not even allege

irreparable harm in its motion, so Movant here would have had a good defense to that motion had she been served.   But it wasn't.

The Motion for Relief was sent to this Movant at the Sylvan Drive address, where she had not resided for a year and a half.  A Motion for Relief from the co-debtor stay is a contested matter under Rule 9014(a), and therefore, under Rule 9014(b)(1) requires service under Rule 7004.  *In re Gregory*, 572 BR 220, 224 n.10 (Bankr. W.D. Mo. 2017).   That requires "mailing the copy to the individual's dwelling or usual place of abode or where the individual regularly conducts a business or profession." Rule 7004(b)(1).  That requirement was that not met, and due process requires that it be met.   As such, the Order granting  relief, to the extent it does grant relief from the co-debtor stay, is void and must be vacated.[2]

Vacating order granting co-debtor stay relief will allow the property to be sold in a normal manner, rather than by foreclosure, thus ensuring that the Movant, the Debtor and the estate receive their respective equity in the property.   The lender/creditor will not be harmed (irreparably or otherwise) because there is a substantial equity cushion to protect it.

Accordingly, all parties will benefit from vacating the order at issue.

<u>OBJECTION TO NOTICE OF DEFAULT</u>

Movant herein also objects to the Notice of Default (Doc. #35) on the grounds that the underlying Order is void as set forth above.

---

[2] Further, the Order granting relief purports to be a consent order, but nowhere is the consent of the Co-Debtor referenced (and as indicated in n.1, *supra*, it does not expressly even grant such relief).

WHEREFORE, Tianna Sherrod-Dixon respectfully requests that the Order granting relief from the automatic stay and possibly the co-Debtor stay of § 1301 be vacated as to her.

Dated:    May 4, 2026.

Respectfully submitted,

  /s/ Daniel M. Press
Daniel M. Press, #07300
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
703) 734-3800
dpress@chung-press.com

CERTIFICATE OF SERVICE

This is to certify that on this 4th day of May, 2026, I caused the foregoing Motion to be served upon the following by CM/ECF:

Mark David Meyer
bankruptcy@rosenberg-assoc.com
Counsel for Land Home

Aryeh E. Stein
astein@meridianlawfirm.com
Counsel for Debtor

Brian A. Tucci, Chapter 13 Trustee
ECF@ch13balt.com

    /s/ Daniel M. Press_____
      Daniel M. Press